UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EDWARD LAUER,

        Plaintiff,

                                                                                                                      Case Number 08-11405-BC

v.                                                                                                                      Honorable Thomas L. Ludington

DAYS INN-OCALA, FLORIDA,

        Defendant.
                                                    /

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER GRANTING DEFENDANT'S MOTION FOR CHANGE OF VENUE

Before the Court is Plaintiff's motion to set aside the Court's order transferring the case to the Middle District of Florida. On April 2, 2008, Plaintiff Edward Lauer filed a complaint alleging that he was injured on Defendant Days Inn-Ocala's property on February 27, 2007. Plaintiff alleges he sat on a chair in the pool area and that the chair collapsed. Plaintiff alleges Defendant's negligence was the direct and proximate cause of numerous physical and emotional injuries. Plaintiff is a citizen of the City of Alger, County of Ogemaw, State of Michigan. Defendant is a Florida corporation, with its principal place of business in Ocala, Florida.

On July 30, 2008, Defendant filed a motion for change of venue, seeking to transfer the case to the Middle District of Florida. Plaintiff was required to file a response within fourteen days of service of the motion, E.D. Mich. LR 7.1(d)(2)(B), and elected not to do so. On September 4, 2008, the Court granted Defendant's motion on the papers submitted. *See* E.D. Mich. LR 7.1(e)(2). The Court found that under 28 U.S.C § 1404(a), the action could have been brought in the Middle District of Florida, a transfer to the Florida forum serves the interest of justice, and a transfer is in the convenience of the witnesses and parties. *See Fluidtech, Inc. v. Gemu Valves, Inc.*, 457 F. Supp.

2d 762, 766 (E.D. Mich. 2006) (quoting *Kepler v. ITT Sheraton Corp.*, 860 F. Supp. 393, 398 (E.D. Mich.1994)).  In making its determination, the Court considered that Michigan was the Plaintiff's choice of forum, the acts and omissions underlying the incident at issue occurred in Florida, many of the fact witnesses reside in Florida, under Michigan choice of law rules, Florida law applies, and access to proof is easier in Florida.  On September 8, 2008, Plaintiff filed this motion to set aside the order granting Defendant's motion for change of venue.

The Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers.  The Court concludes that oral argument will not aid in the disposition of the motion.  Accordingly, it is **ORDERED** that the motion be decided on the papers submitted.  *Compare* E.D. Mich. LR 7.1(e)(2).

In its motion to set aside the order granting Defendant's motion for change of venue, Plaintiff presents two circumstances to support its argument that the transfer does not serve the interest of justice and is not in the convenience of the witnesses and parties.  Plaintiff's first circumstance is that Plaintiff, his counsel, "[a]ll of Plaintiff's doctors, including Plaintiff's surgeon," and "lay witnesses who can testify as to the difference in Plaintiff's condition before and after the accident," are located in Michigan.  Plaintiff's second circumstance is that Michigan law applies, not Florida law.  These circumstances do not alter the outcome of the Court's analysis; thus, the court will deny Plaintiff's motion to set aside the Court's order transferring the case to the Middle District of Florida.

It is certainly relevant that Plaintiff, his doctors, and "lay witnesses who can testify as to the difference in Plaintiff's condition" reside in Michigan.  However, these potential witnesses do not significantly affect the Court's analysis.  Plaintiff cannot recover for any injuries sustained, unless

he can prove Defendant was negligent with respect to the acts and omissions underlying the incident at issue. According to Defendant, there are at least four witnesses who will testify concerning the acts and omissions underlying the incident, including Judy Conner, Paulette Pencek, Ron Teston, and Richard Hopkins. The first three witnesses will offer testimony related to Plaintiff's condition after the incident, and with respect to hotel protocols, business, and the purchase of the chair at issue. Richard Hopkins will provide testimony related to maintenance procedures and the chair at issue, and the chair's condition immediately following the incident. Considering the significance of Defendant's witnesses, the fact that Florida law applies, and that the acts or omissions at issue took place in Florida, Plaintiff's potential witnesses do not alter the Court's decision to transfer the case to the Florida forum.

Plaintiff also asserts that it is significant that the attorneys for both parties are located in Michigan. However, "[i]nconvenience to a lawyer, by itself, is irrelevant to this analysis." *Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 941 (E.D. Mich. 2001) (internal citations omitted) (noting that "[l]awyers often travel all over the globe in the course of judicial proceedings, and local counsel is usually the best remedy to the expenses inherent in such travel").

Finally, Plaintiff's argument that Michigan law applies is not persuasive. While Florida law may not apply to every case in which a personal injury sustained in Florida is at issue, a "rational reason" to apply Florida law overrides the presumption in favor of Michigan law in this case. *See Sutherland v. Kennington Truck Serv., Ltd.*, 562 N.W.2d 466, 471 (Mich. 1997). Florida has strong interests, both in ensuring that property within Florida is maintained in accordance with Florida law, and in protecting its tourist trade by preventing injury to those who are visiting from other states. Michigan's interest in ensuring that its citizens obtain remedies for injuries sustained in other states

can be adequately addressed by the Florida forum. Thus, under Michigan choice of law rules, Florida law applies in this case.

Accordingly, it is **ORDERED** that Plaintiff's motion to set aside the order granting Defendant's motion for change of venue [Dkt. # 8] is **DENIED**.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: September 23, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 23, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS